UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

ARTHUR LEE YARBOUGH
an individual,

      *Plaintiff,*

vs.

S.C. JOHNSON & SON, INC. and
ENERGIZER HOLDINGS, INC.

      *Defendant.*

HONORABLE_____

CIVIL ACTION NO._____

## COMPLAINT FOR FALSE PATENT MARKING

### I. THE PARTIES

1.    Plaintiff, Arthur Lee Yarbough, who resides in this judicial district.

2.    Defendant S.C. Johnson & Son, Inc. is a corporation with its principal place of business in Racine, Wisconsin.

3.    Defendant Energizer Holdings, Inc. is a corporation with its principal place of business in St. Louis, Missouri.

### II. JURISDICTION

4.    The federal claim pleaded herein arises under 35 U.S.C. §292(b).

5.    Subject matter jurisdiction for this federal claim is conferred upon the Court by 28 U.S.C. §1338(a).

## III. BACKGROUND FACTS

A. <u>The Purpose of this Action</u>

6. The purpose of this lawsuit is to act in the public interest to enforce the policy underlying the false marking statute, 35 U.S.C. §292.

B. <u>The Policy of the Patent Marking Statutes</u>

7. The patent marking statute (35 U.S.C. §287(a)) and the false patent marking statute (35 U.S.C. §292) exist to insure that the public has accurate information on the existence of patent rights in articles.

8. The several purposes of the patent marking statute were explained by the Federal Circuit in *Nike, Inc. V. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1443 (Fed. Cir. 1998), as: (1) helping to avoid innocent infringement, (2) encouraging patentees to give notice to the public that the article is patented, and (3) aiding the public to identify whether an article is patented.

9. In the event a patentee (or its licensee) fails to comply with the marking requirement of 35 U.S.C. §287(a), the sanction is that "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice."

10. When the Patent Act of 1952 was enacted, false patent marking was

punishable as a criminal offense under Title 18 of the United States Code.

11. The Patent Act of 1952 retained a *qui tam* cause of action on behalf of the public to fine the offender in an amount of up to $500 for each offense, with half going to the use of the United States, and the other half going to the person bringing the action.

12. P.J. Federico, one of the principal drafters of the Patent Act of 1952, wrote a "Commentary on the New Patent Act," explaining a *qui tam* action under 35 U.S.C. §292:

> Section 292 is divided into two subsections, subsection (a) is written in the same form as the sections of the criminal code (Title 18, U.S.C.A.) Establishing criminal offenses and the offense of false marking is now an ordinary criminal offense which can be prosecuted in the same manner as others. However, subsection (b) of section 292 retains the informer (*qui tam*) action as additional, presumably alternative, to the criminal action.

13. False marking of unpatented articles as "patented" is injurious to the public interest, as explained by the United States Court of Appeals, in at least the following ways:

- Acts of false marking deter innovation and stifle competition in the marketplace.

- False marks may deter scientific research when an inventor sees a mark and decides to forgo continued research to avoid possible infringement.

- False marking can cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

14. Additionally, a consumer seeing an article marked as "patented" is likely to infer the article possesses design or utilitarian features that are unique to such article, and not available in substitute articles from other producers, thus inducing consumer demand for the marked article.

C. **Federal Patent Policy**

15. The Supreme Court stated in *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery*, 324 U.S. 806, 816 (1945), that patents by their very nature are affected with a public interest:

> The possession and assertion of patent rights are 'issues of great moment to the public' [Citations omitted.] A patent by its very nature is affected with a public interest. As recognized by the Constitution, it is a special privilege designed to serve the public purpose of promoting the 'Progress of Science and useful Arts.' At the same time, a patent is an exception to the general rule against monopolies and to the right to access to a free and open market.

16. The United States Patent and Trademark Office agrees: "A patent by its very nature is affected with a public interest." 37 C.F.R. §1.56(a).

17. Due to the public's interest in the patent system, Congress has empowered "any person" to file a false marking action in Federal Court under 35 U.S.C. §292, or request reexamination of any claim of an enforceable patent (35 U.S.C. §302 (*ex parte*) and 35 U.S.C. §311 (*inter partes*)), whether or not the person acting is involved in a substantial controversy with the patentee, or has adverse legal interests to the patentee, or has sustained an injury-in-fact.

18. The Supreme Court has stated:

(A) "An unpatentable article, like an article on which the patent has expired, is in the public domain and may be made and sold by whoever chooses to do so. *Sears Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225 (1964); *Compco Corp. v. Day-Brite Lighting*, 376 U.S. 234 (1964)

(B) "… federal law requires that all ideas in general circulation be dedicated to the common good unless they are protected by a valid patent." *Lear, Inc. v. Adkins*, 395 U.S.653, 668 (1969), and

(C) "In general, unless an intellectual property right such as a patent or copyright protects an item, it will be subject to copying." *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 29 (2001).

19. False patent marking is an impediment to these basic federal policies.

D. **S.C. Johnson & Son and Energizer Holdings, Inc. Patent-Sophisticated Companies**

20. Defendants each hold hundreds of patents and monitor both their own patents and those of other companies through both in-house and outside counsel.

E. **Defendants' False Marking**

21. Defendants make and sell or have made and sold a variety of products which they mark with patent numbers where at least one claim of the marked patent does not

cover the marked product. An example of falsely marked products are Defendant's "Skintimate" line of shaving creams and gels, including:

- Signature scents
- Skin therapy
- Aroma therapy

22. An exemplary falsely marked product is the Skintimate Signature Scents Moisturizing Shave Gel which is currently sold in packaging marked as shown below:



## F. Defendants' Intent

23. Defendants did not have, and could not have had, a reasonable belief that its products were properly marked.

### U.S. Patent 4,703,875

24. U.S. Patent 4,703,875 is a patent titled "Low mass piston for aerosol container" issued on or about November 3, 1987, and expired on or about July 24, 2006.

25. U. S. Patent 4,703,875 does not cover any of the defendants' products on which it is marked.

26. Defendants have sold and continue to sell products with packaging marked with notice of U.S. Patent 4703875 with knowledge that such patent does not cover the product (or packaging) on which it is marked.

### Summary On Intent

27. Defendants are patent-sophisticated companies.

28. Defendants knew that the above-referenced patent marked on its Skintimate products does not cover the products on which it is marked.

29. Defendants did not have, and could not have had, a reasonable belief that its products were properly marked, given that the claimed patent expired years ago.

G.  **Defendants' Liability And Public Harm**

30. Defendants' false marking of its products, coupled with its intended purpose in deceiving the public, is injurious to the public.

31. Defendants are liable to the United States and Plaintiff for false marking under 35 U.S.C. §292 (b).

32. The public interest requires Defendants be enjoined from further acts of false marking.

## IV. DEMAND FOR RELIEF

WHEREFORE, Plaintiff Arthur Yarbough demands entry of judgment against Defendants granting relief as follows:

A. A determination that Defendants have violated 35 U.S.C. §292 by falsely marking its unpatented articles as "patented" for the purpose of deceiving the public;

B. An order fining Defendants for false marking of their products in an amount which is reasonable in light of the total revenue and gross profit derived from the sale of falsely marked goods and the degree of intent to falsely mark which is proven, with half of the fine going to the use of the United States and the other half going to Plaintiff;

C. A determination that this case is "exceptional," in the sense of 35 U.S.C. §285;

D. An order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, contractors, suppliers and attorneys, and upon those person in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from committing new acts of false patent marking and to cease all existing acts of false patent marking within 90 days;

E. An award in favor of Plaintiff, and against Defendants, for the costs incurred

by Plaintiff in bringing and maintaining this action, including reasonable attorneys' fees; and

    F.    Such other, further, and different relief as may be just and equitable on the proofs.

Respectfully submitted,

By: __/s/ Eric D. Holland__
Eric D. Holland (#39935)
Steven J. Stolze
Holland, Groves, Schneller & Stolze
300 N. Tucker Blvd., Suite 801
St. Louis, MO 63101
314-241-8111
314-241-5554 (Fax)

GILBERT T. ADAMS, P.C.
Gilbert T. Adams, III (#00893000)
1855 Calder Avenue at Third Street
P.O. Box 3688
Beaumont, TX 77701

**Attorneys for Plaintiff**

Dated: __February 19, 2010__